UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ROBERT MERCADO,

    *Plaintiff,*

    v.                              Case No: 2:25-cv-973

CITY OF MILWAUKEE, DAVID BETTIN,
JOHN DOE, AND JANE DOE,

    *Defendants.*

---

## COMPLAINT
---

Plaintiff Robert Mercado, by his attorneys, Strang Bradley, LLC, for his complaint against Defendants, states:

### INTRODUCTION

1. This is a civil rights lawsuit brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Robert Mercado's constitutional right to be free from unreasonable search and seizure in violation of the Fourth Amendment of the United States Constitution.

2. At about 1:50 A.M., on June 12, 2025, City of Milwaukee Police Officers, including Defendant Sergeant David Bettin, entered Mercado's home and detained him without a warrant and without any valid exception to the warrant requirement.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over federal claims pursuant to 28 U.S.C. § 1331.

4. Venue is proper under 28 U.S.C. § 1391(b)(2). Defendant City of Milwaukee is a political subdivision of the state of Wisconsin located within this judicial district. Additionally, the events giving rise to the claims asserted herein occurred within the judicial district.

## PARTIES

5. Plaintiff Robert Mercado is a resident of the State of Wisconsin and Milwaukee County.

6. Defendant City of Milwaukee is a political subdivision of the state of Wisconsin and is or was the employer of the individual Defendants and is required to pay any tort judgment for damages for which its employees are liable for acts within the scope of their employment.

7. Defendant David Bettin was, at the time of this occurrence, employed as a sergeant for the City of Milwaukee Police Department.

8. At all times Defendant Bettin interacted with Plaintiff on June 12, 2025, Bettin was on duty, acting under color of state law, ordinance, and regulation.

9. At all times Defendant Bettin interacted with Plaintiff on June 12, 2025, Bettin acted within the scope of his employment with the City of Milwaukee.

10. Several other Milwaukee police officers also unlawfully entered Mercado's home and unlawfully detained them. Defendants John Doe and Jane Doe are sued as placeholders until the names of those officers can be ascertained.

## FACTS

11. On a nice summer evening in June, Robert Mercado went to Kopp's with his kids and their mother for some custard and burgers.

12. After they dropped him off at home, he went to bed.

13. At around 1:00 A.M., an unknown woman had called 911 and reported that a man had hit her in the face and stolen her gun.

14. She reported that she was walking away from the incident, that she was outside, and that the man was inside a building.

15. The caller disconnected the call and never answered when dispatch and police officers tried to call her back.

16. The Computer Assisted Dispatch logs note that the caller's estimated location was 5938 or 5940 N. 69th Street in Milwaukee.

17. Mercado lives in the upper unit of a duplex located at 5930 N. 69th Street in Milwaukee.

18. Fifty minutes after the call, officers, including Defendant Bettin, arrived at Mercado's home.

19. They knocked on the door to the duplex but no one answered.

20. They then began knocking on the downstairs windows until Mercado's downstairs neighbor came to the door and allowed the officers into the common area of the duplex.

21. They then knocked on Mercado's door to his upper unit.

3

22. When no one answered, officers broke down the door and entered Mercado's home.

23. Mercado awoke to the sound of his door being broken in.

24. He walked out of his bedroom and saw the police officers in his home.

25. The officers pointed firearms at Mercado, took him to the ground, and handcuffed him.

26. The officers accused Mercado of possessing a stolen gun.

27. Mercado told them he had just been sleeping and had no idea what they were talking about.

28. The officers searched his home, finding no guns or anything illegal.

29. The officers detained Mercado for about 15 minutes before finally leaving.

## COUNT 1:
## 42 U.S.C. § 1983 Claim for Unlawful Home Entry

30. Plaintiff realleges the above paragraphs.

31. The actions, taken under color of law, of Defendant Bettin and the John and Jane Doe officers in entering Plaintiff's home without consent, a warrant, or an exception to the warrant requirement, were unreasonable in violation of the Fourth Amendment. The officers are thus liable under 42 U.S.C. § 1983.

32. As a direct and proximate result of the Defendants' unlawful actions, Mercado suffered damages including loss of liberty, emotional distress, invasion of privacy, and physical pain and suffering.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiff demands actual or compensatory damages against Defendants and, because they acted in reckless

disregard for Plaintiff's rights, punitive damages, plus the costs of this action, attorneys' fees, and such other relief that the Court deems just and equitable.

## COUNT 2:
## 42 U.S.C. § 1983 Claim for Unlawful Seizure Inside Home

33. Plaintiff realleges the above paragraphs.

34. Defendant Bettin and the John Doe and Jane Doe Defendants, under color of law, detained Plaintiff in his home without consent, without a warrant, and without an exception to the warrant requirement in violation of the Fourth Amendment. The Defendants are thus liable under 42 U.S.C. § 1983.

35. As a direct and proximate result of Defendants' unlawful actions, Mercado suffered damages including loss of liberty, emotional distress, invasion of privacy, and physical pain and suffering.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiff demands actual or compensatory damages against Defendants and, because they acted in reckless disregard for Plaintiff's rights, punitive damages, plus the costs of this action, attorneys' fees, and such other relief that the Court deems just and equitable.

## COUNT 3:
## 42 U.S.C. § 1983 Claim for Unlawful Search Inside Home

36. Plaintiff realleges the above paragraphs.

37. Defendant Bettin and the John Doe and Jane Doe Defendants, under color of law, searched Plaintiff's home without consent, without a warrant, and without an exception to the warrant requirement in violation of the Fourth Amendment. The Defendants are thus liable under 42 U.S.C. § 1983.

38. As a direct and proximate result of Defendants' unlawful actions, Mercado suffered damages including loss of liberty, emotional distress, invasion of privacy, and physical pain and suffering.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiff demands actual or compensatory damages against Defendants and, because they acted in reckless disregard for Plaintiff's rights, punitive damages, plus the costs of this action, attorneys' fees, and such other relief that the Court deems just and equitable.

## COUNT 4:
### Indemnification Claim Against City of Milwaukee

39. Plaintiff realleges the above paragraphs.

40. Wisconsin law, WIS. STAT. § 895.46, requires public entities to pay any tort judgment for damages for which employees are liable, for acts within the scope of their employment.

41. At all times relevant to this action, Defendants engaged in the conduct complained of while they were on duty and in the course and scope of their employment with the City of Milwaukee.

WHEREFORE, Plaintiff asks this Court to find that the City of Milwaukee is liable to defend this action against Defendants Bettin and the Doe officers and to satisfy any judgment entered against them, by virtue of WIS. STAT. § 895.46.

### JURY DEMAND

Plaintiff hereby demands a trial by jury, pursuant to FED. R. CIV. PRO. 38(b), on all issues so triable.

Respectfully submitted,

Dated: 8 July 2025,

STRANG BRADLEY, LLC
Attorneys for Plaintiff

/s/ R. Rick Resch
John H. Bradley
  Wisconsin Bar No. 1053124
R. Rick Resch
  Wisconsin Bar No. 1117722
William E. Grau
  Wisconsin Bar No. 1117724
Strang Bradley, LLC
613 Williamson St., Suite 204
Madison, WI 53703
(608) 535-1550
John@StrangBradley.com
Rick@StrangBradley.com
William@StrangBradley.com