# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT MERCADO,

    **Plaintiff,**

  **v.**         **Case No. 25-CV-973**

CITY OF MILWAUKEE, DAVID BETTIN,
JOHN DOE, AND JANE DOE,

    **Defendants.**

# ORDER

## 1. Background

The following facts are taken from the Plaintiff's complaint. (ECF No. 1.) At approximately 1 A.M. on June 12, 2025, a woman called 911 and reported that a man had hit her in the face and stolen her gun. (*Id.*, ¶ 13.) She told dispatchers she was outside and leaving the scene. (*Id.*, ¶ 14.) She then disconnected and did not respond to follow-up calls from dispatch or police. (*Id.*, ¶ 15.) A Computer Assisted Dispatch log placed her near 5938 or 5940 N. 69th Street, Milwaukee. (*Id.*, ¶ 16.)

Fifty minutes later, Milwaukee police officers arrived at Robert Mercado's duplex, at 5930 N. 69th Street, Milwaukee. (ECF No. 1, ¶¶ 17, 18.) They knocked on Mercado's

door, but he was asleep. (*Id.*, ¶¶ 21–23.) The officers broke down the door, accused Mercado of stealing a gun, and handcuffed him while they searched his home. (*Id.*, ¶ 25–29.)

Mercado alleges that the police officers' conduct on June 12, 2025, violated his Fourth Amendment rights. (ECF No. 1.) He brings claims against the City of Milwaukee, Sergeant David Bettin, John Doe, and Jane Doe[1] under 42 U.S.C. § 1983 for unlawful entry, seizure, and search of his home. (*Id.*) The defendants move to dismiss Mercado's claims under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 9.)

## 2. Standard of Review

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure a defendant may move to dismiss a claim on the ground that the plaintiff has failed to "state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555–56. At this stage the court accepts

---

[1] Mercado uses "John Doe" and "Jane Doe" as place holders until the names of the officers at his home can be ascertained.

as true all the well-pleaded allegations in the amended complaint and draws all reasonable inferences against the defendants. *Lodholtz v. York Risk Servs. Grp.*, 778 F.3d 635, 639 (7th Cir. 2015).

### 3. The Computer Assisted Dispatch Report and 911 Recording

Defendants attached to their motion to dismiss a recording of the 911 call and the Computer Assisted Dispatch report from June 12, 2025. (ECF Nos. 11-1, 11-2.) They argue both the 911 recording and the Computer Assisted Dispatch report should be considered because they are referenced in the complaint and central to Mercado's claims. (ECF No. 11 at 2.)

Mercado agrees the Computer Assisted Dispatch report may be considered but opposes consideration of the 911 recording because it is not referenced in the complaint or central to his claims. (ECF No. 14 at 4.) Mercado further contends that, even if the 911 recording is considered, it does not contradict the complaint. (*Id.* at 5.)

Generally, courts disregard materials outside the complaint when deciding a motion to dismiss under Rule 12(b)(6). *See Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). A narrow exception exists for documents referenced in the complaint and central to the claim(s). *See Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) (holding that, "when a plaintiff attaches to the complaint a document … and her complaint references and relies upon that document in asserting her claim, the contents of that document become part of the complaint and may be considered as such when the court decides a

motion attacking the sufficiency of the complaint"). This exception also applies to video evidence referenced in the complaint and central to the claims. *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013).

In *Bogie*, the plaintiff's breach of privacy claim relied on a video recording attached to her complaint that captured the alleged misconduct. *See Bogie*, 705 F.3d at 609 (explaining that the video evidence showed "in real time the content and context of the alleged wrongs"). The Seventh Circuit Court of Appeals held that the district court properly considered the video on a motion to dismiss because it was referenced in the complaint and central to the claim. *Id*. (finding that consideration of the video was proper because the breach of privacy claim could "be resolved as a matter of law by observing the scene in the video").

In *Brownmark Films v. Comedy Partners*, 682 F.3d 687 (7th Cir. 2012), the Seventh Circuit reaffirmed that courts may consider video evidence on a motion to dismiss if it is referenced in the complaint and central to the claims. Courts in this circuit have since followed this rule when video evidence depicts the events at issue and is expressly referenced in the complaint. *See McNeil v. Toms*, No. 24-CV-756-pp, 2025 U.S. Dist. LEXIS 116184, at *9, 2025 WL 1704723, at *3 (E.D. Wis. June 18, 2025) (considering video evidence because "the plaintiff expressly referenced the video in the complaint, the video shows the exact events alleged in the complaint and is central to the plaintiff's claim that the officers used excessive force during his arrest); *see also Hyung Seok Koh v. Graf*, No. 11-CV-

02605, 2013 U.S. Dist. LEXIS 136341, at *32, 2013 WL 5348326, at *9 (N.D. Ill. Sept. 24, 2013) (considering video evidence that captured "the entire interrogation" of an allegedly coerced-confession); *Esco v. City of Chicago*, 107 F.4th 673, 681 (7th Cir. 2024) (upholding a district court's review of an arresting officer's body camera footage on a motion to dismiss).

However, courts have declined to consider on a motion to dismiss evidence that is not central to the claims. *See Stietz v. Frost*, No. 19-CV-43-wmc, 2020 U.S. Dist. LEXIS 120491, at *5, 2020 WL 3869474, at *2 (W.D. Wis. July 9, 2020) (holding that a document referenced in the complaint but not central to the plaintiff's claim should not be considered); *see also Ryan v. Ford Next LLC*, No. 24-CV-813-JPS, 2025 U.S. Dist. LEXIS 58359, at *14, 2025 WL 947535, at *5 (E.D. Wis. Mar. 28, 2025); *Brown v. City of Chicago*, No. 21-CV-01397, 594 F. Supp. 3d 1021, 1030 (N.D. Ill. Mar. 23, 2022).

For instance, in *Brown v. City of Chicago*, No. 21-CV-01397, 594 F. Supp. 3d 1021, 1030 (N.D. Ill. Mar. 23, 2022), the court declined to consider police body camera videos on a motion to dismiss because they were not central to the plaintiffs' claims. 594 F. Supp. 3d at 1030. The court explained that, unlike *Bogie* and *Brownmark*, the plaintiffs' claims did not hinge on the videos, and they could have brought their claims without the videos. *Id*. at 1030.

Mercado's claims for unlawful entry, search and seizure are based on the defendants' conduct in his home, not the content of the 911 recording. As Mercado points

out, at this stage there is no information about how much, if any, of the content of the 911 call the defendants were aware of when they entered Mercado's home. Mercado could have brought his claims without referencing the 911 call, so the court will not consider it at this stage. *See Brown*, 594 F. Supp. 3d at 1030; *see also Smith v. City of Chicago*, No. 23-CV-02199, 2025 U.S. Dist. LEXIS 165618, at *5, 2025 WL 2463063, at *2 (N.D. Ill. Aug. 26, 2025) (declining to consider body camera footage where the plaintiff's claims did not hinge on the body camera footage).

The court will consider the Computer Assisted Dispatch report because it is referenced in the complaint, central to Mercado's claims, and unopposed.

## 4. Legal Analysis

### 4.1. Counts I and III: Unlawful Entry and Search Inside the Home

The Fourth Amendment protects the right to be secure in one's home against unreasonable searches and seizures. U.S. Const. amend. IV. Warrantless searches and seizures inside the home are presumptively unreasonable unless an exception applies. *Payton v. New York*, 445 U.S. 573, 587 (1980) (quoting *Coolidge v. New Hampshire*, 403 U.S. 443, 475 (1971)) (holding that searches and seizures inside the home without a warrant are "*per se* unreasonable" in the absence of exigent circumstances).

A warrantless search is reasonable only if it fits within a recognized exception, such as exigent circumstances. *See United States v. Robinson*, 414 U.S. 218, 224 (1973). This exception "applies when the exigencies of the situation make the needs of law

enforcement so compelling that a warrantless search is objectively reasonable under the Fourth Amendment." *Kentucky v. King*, 563 U.S. 452, 460 (2011). Courts assess the totality of the circumstances to determine whether the officer "faced an emergency that justified acting without a warrant." *Missouri v. McNeely*, 569 U.S. 141, 149 (2013).

Whether exigent circumstances exist depends on the unique "facts and circumstances" of the case. *McNeely*, 569 at 150. Thus, it is typically inappropriate to determine whether exigent circumstances existed on a motion to dismiss. *Id.*; *see also United States v. Kempf*, 400 F.3d 501, 503 (7th Cir. 2005); *see also McCrimmon v. Kane County*, No. 83-C-7884, 606 F. Supp. 216, 220 (N.D. Ill. Feb. 20, 1985) (noting that the Fourth Amendment's "reasonableness inquiry itself poses questions of fact irresolvable on a Rule 12(b)(6) motion"). This inquiry is better suited at summary judgment, after discovery has been completed. *See Stevens v. City of Chicago*, No. 96-C-1358, 1996 U.S. Dist. LEXIS 12259, at *4, 1996 WL 480389, at *1 (N.D. Ill. Aug. 20, 1996).

Defendants argue that exigent circumstances justified the officers' warrantless entry and search of Mercardo's home. (ECF No. 10 at 4.) They cite cases like *Hanson v. Dane County*, 608 F.3d 335 (7th Cir. 2010), to support the claim that a 911 call can justify a warrantless search and seizure. However, *Hanson*, and the other cases cited, were decided either on summary judgment or on a motion to suppress, after the record had been developed through discovery. *See United States v. Richardson*, 208 F.3d 626, 630 (7th Cir. 2000); *United States v. Arch*, 7 F.3d 1300, 1304 (7th Cir. 1993); *United States v. Maxwell*, 85

F.4th 1243, 1250 (7th Cir. 2023). Notably, none of the cases were decided on a motion to dismiss.

The Computer Assisted Dispatch report does not show what the officers knew when they arrived at Mercado's home or what, if any, parts of the 911 call they had heard. Without this information, the court cannot conclude that the defendants had "an objectively reasonable belief that exigent circumstances existed." *Leaf*, 400 F.3d at 1081 (explaining that a warrantless search is permissible when "police have a reasonable belief that exigent circumstances require immediate action …").

At this stage, deciding whether exigent circumstances justified the entry and search of Mercado's home would be premature, as neither the complaint nor the Computer Assisted Dispatch report indicates that the defendants reasonably believed the 911 caller was inside Mercado's home and in danger. Further factual development is needed to determine whether exigent circumstances justified the officers' warrantless entry and search. *See, e.g., Isreal v. Chovanec*, No. 24-CV-18-JPS, 2025 U.S. Dist. LEXIS 5916, at *16, 2025 WL 80315, at *6 (E.D. Wis. Jan. 13, 2025) (denying motion to dismiss because the defendants did not cite any cases "suggesting that the facts as [p]laintiff has alleged them demonstrate exigent circumstances as a matter of law").

Mercado alleges the defendants entered and searched his home without a warrant or his consent. (ECF No. 1, ¶¶ 22–29.) At this stage, that is sufficient to state a plausible claim. *See Kirksey v. Miskinis*, No. 19-CV-1278-JPS, 2021 U.S. Dist. LEXIS 57617, at *6, 2021

WL 1169657, at *3 (E.D. Wis. Mar. 26, 2021) (explaining that "to state a claim for an unreasonable search in violation of the Fourth Amendment, [a] [p]laintiff must allege that his home was searched without a warrant and without his consent").

Therefore, defendants' motion to dismiss Counts I and III is denied.

### 4.2. Count II: Unlawful Seizure Inside the Home

"Generally, a seizure is 'reasonable only if based on probable cause.'" *United States v. Howard*, 729 F.3d 655, 659 (7th Cir. 2013) (quoting *Dunaway v. New York*, 442 U.S. 200, 213 (1979)). However, police may detain someone without probable cause if the intrusion is minimal and outweighed by crime prevention or officer safety concerns. *See Bailey v. United States*, 568 U.S. 186, 193 (2013).

Defendants argue the officers were justified in detaining Mercado without probable cause because they had reason to believe they faced a dangerous situation. (ECF No. 10 at 7.) They rely on cases where police officers have detained individuals during the execution of a valid search warrant. *See Bailey*, 568 U.S. at 193; *Estate of Biegert v. Molitor*, 968 F.3d 693 (7th Cir. 2020); *Muehler v. Mena*, 544 U.S. 93 (2005); *U.S. v. Howard*, 729 F.3d 665 (7th Cir. 2013). But here there was no valid search warrant, and it is unclear whether the defendants had a reasonable belief that they were dealing with an inherently dangerous situation. (ECF No. 1, ¶¶ 22–29.)

The Computer Assisted Dispatch report provides the timeframe of the 911 call but offers no information about what the defendants knew when they arrived at Mercado's

home. Without this information, whether Mercado's detention was reasonable under the Fourth Amendment cannot be decided. *See Grafton v. FoBelk*, No. 18-CV-6099, 2020 U.S. Dist. LEXIS 237431, at *11, 2020 WL 7398785, at *4 (N.D. Ill. Dec. 17, 2020) (stating that "[a] determination as to whether a seizure is reasonable is a fact intensive argument" that is inappropriate to decide on a motion to dismiss").

At this stage, Mercado states a plausible claim for an unreasonable seizure under the Fourth Amendment. *See Carlson v. Bukovic*, 621 F.3d 610, 618 (7th Cir. 2010) (holding that to state a claim for an unreasonable seizure a plaintiff must allege that "(1) the officers seized the plaintiff; and (2) the seizure was 'unreasonable'").

Accordingly, the defendants' motion to dismiss Count II is denied.

### 4.3. Qualified Immunity

Lastly, the defendants claim they are entitled to qualified immunity. (ECF No. 10 at 9.) Qualified immunity shields police officers from civil liability if their "conduct [did] not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 817 (1982). Courts determine this by asking "(1) whether the facts, taken in the light most favorable to the plaintiff, make out a violation of a constitutional right, and (2) whether that constitutional right was clearly established at the time of the alleged violation." *Alvarado v. Litscher*, 267 F.3d 648, 652 (7th Cir. 2001).

Dismissal on qualified immunity grounds on a motion to dismiss is rare "[b]ecause an immunity defense usually depends on the facts of the case." *Alvarado*, 267 F.3d at 651; *see also Hanson v. LeVan*, 967 F.3d 584, 579 (7th Cir. 2020) (explaining that the plausibility standard is "why 'a complaint is generally not dismissed under Rule 12(b)(6) on qualified immunity grounds'") (quoting *Alvarado*, 267 F.3d at 651).

At this stage, the court lacks sufficient information to determine whether the defendants are protected by qualified immunity. *See Atkins v. Hasan*, No. 15-CV-203, 2015 U.S. Dist. LEXIS 80176, at *21, 2015 WL 3862724, at *7 (N.D. Ill. Jun. 22, 2020) (denying motion to dismiss based on qualified immunity because it was unclear whether officers violated the plaintiffs' "clearly established rights"). Because the court has no information about whether exigent circumstances justified the defendants' search and seizure inside Mercado's home, it cannot determine whether they are entitled to qualified immunity. The defendants' motion to dismiss based on qualified immunity is therefore denied.

**IT IS THEREFORE ORDERED** that the defendants' motion to dismiss Counts I, II, and III of the complaint (ECF No. 9) is **DENIED**.

Dated at Milwaukee, Wisconsin this 12th day of November, 2025.

WILLIAM E. DUFFIN
U.S. Magistrate Judge