_____

ROBERT MERCADO,

        Plaintiff,

v.                                Case No. 25-CV-0973

CITY OF MILWAUKEE, DAVID J. BETTIN,
JOSEPH DE LA VEGA, ERIC STEWART,
JEREMY SHELLEY, AND KYLIE SPENCE,

        Defendants.

_____

## JOINT FED. R. CIV. P. 26(f) REPORT

_____

Plaintiff, Robert Mercado, through this undersigned counsel, and Defendants, Jeremy Shelley, Kylie Spence, Eric Stewart, David Bettin, Joseph De La Vega, and the City of Milwaukee. (collectively "Defendants"), through their undersigned counsel, pursuant to Fed. R. Civ. P. 26(f) and the Scheduling Conference held on December 18, 2025 (Docket No. 22), submit the parties' Joint Rule 26(f) Report.

Counsel for the parties conferred on December 5,2025, via email to discuss the matters outlined in Fed. R. Civ. P. 26 regarding the need for discovery and addressed all relevant issues required under Rule 26(f). All the parties have had the opportunity to review this report and have consented to its filing.

## 1)   <u>NATURE OF THE CASE</u>

Pursuant to U.S.C. § 1343, the Plaintiff initiated this lawsuit on July 8, 2025, by filing his initial complaint (Dkt. No. 1), followed by an Amended Complaint filed on November 19, 2025 (Dkt. No. 18).

This case arises from a series of events that occurred on or around June 12, 2025, when defendant officers responded to a battery/fight/assault dispatch call. Plaintiff alleges that Sergeant David Bettin and Defendant Officers Joseph De la Vega, Eric Stewart, Jeremy Shelley, and Kylie Spence entered and unlawfully searched his home and detained him without a warrant without any valid exception to the warrant requirement.

Plaintiff contends that these actions violated his constitutional rights under the Fourth Amendment; therefore, he brings this lawsuit under 42 U.S.C. § 1983.

2)   **RELATED CASES**

No related cases are pending between the parties.

3)   **AMENDMENTS TO THE PLEADINGS**

At this time, no further amendments to the pleadings are being contemplated. The parties acknowledge that, if any such amendments become necessary, they will be governed by Fed. R. Civ. P. 15, and pursuant to the deadline listed under section 5(f) of this Joint Report.

4)   **NEW PARTIES TO BE ADDED**

At this time, the parties do not intend to add any new parties to the case.

5)   **PROPOSED DISCOVERY PLAN**

a.   *Nature of Discovery:*

The Parties agree that the timing, scope, and limitations on discovery shall follow the Federal Rules of Civil Procedure, the Court's local rules, and the Court's customary Scheduling Order. Both Parties reserve the right under Fed. R. CIV. P. 30(a) to move for additional fact depositions or interrogatories.

### b. *Discovery of Electronic Stored Information*

At this time, the parties do not anticipate any special issues related to the disclosure or discovery of electronically stored information; however, they will promptly address any problems that may arise during discovery. The parties propose that any and all electronically stored information be produced in PDF files or, if more appropriate or upon request, in native format if feasible. Should the need arise, the parties agree to work cooperatively to develop appropriate additional protocols for the production of any and all electronically stored information.

### c. *Electronic Service*

The parties agree that documents served on another party but not filed with the Court may be served by email to the attorneys of record for each receiving party. Documents filed electronically with the Court will be deemed served upon filing. The parties agree that service by email or through electronic filing will be treated the same as service by hand delivery.

### d. *Procedures Regarding Claims of Privilege and Work Product Protection*

At this time, the parties do not anticipate any special issues regarding the disclosure or discovery of privileged or work-product information. The parties agree that any privilege logs will be served within seven (7) days of the written responses and/or objections to the discovery requests in question. The parties further agree that communications between a party and its trial counsel need not be included on any such privilege log and that any other communications or documents generated after the commencement of this lawsuit, if

Case 2:25-cv-00973-WED    Filed 12/08/25    Page 3 of 5    Document 23

privileged or protected as work product, also need not be included on any such privilege log.

**e. *Protective Order***

The parties agree that a protective order controlling access to confidential and proprietary material and information pursuant to Fed. R. Civ. P. 26(c) *may* be necessary. Similarly, the parties anticipate that a HIPAA-protected order controlling access to certain medical information *may* be necessary. The parties will work to negotiate any necessary protective order(s) and present such order(s) to the Court. Upon entry of a protective order pursuant to HIPAA, the parties may exchange medical records amongst themselves, subject to such order pursuant to HIPAA, as well as any other applicable confidentiality order entered by the Court.

**f. *Proposed Case Schedule***

The parties propose that this Court enter an order adopting the following pre-trial deadlines in addition to such other dates or deadlines that this Court may deem appropriate.

| Description | Deadline |
| --- | --- |
| Rule 26(a)(1) Disclosures | January 17, 2026 |
| Close of all Discovery | October 14, 2026 |
| Filing of Amended Pleadings | February 6, 2026 |
| Expert Disclosure | June 18, 2026 |
| Rebuttal Expert Disclosure | August 21, 2026 |
| Dispositive / Daubert Motions | October 14, 2026 |

**g. *Length of Trial:***

At this time, the parties estimate that the trial in this matter will take approximately three (3) days.

*h.* ***Request for Jury Trial:***

Plaintiff has submitted a demand for a jury trial. The parties anticipate being prepared for trial in Spring of 2027 or on a date determined by the Court.

*i.* ***Alternative Dispute Resolution / Settlement Discussions:***

The parties have not discussed any settlement or alternative resolutions, but will consider engaging in such discussions as litigation proceeds.

Dated and signed at Milwaukee, Wisconsin, this 8th day of December, 2025.

EVAN C. GOYKE
City Attorney

**s/ Meghan McCabe**
MEGHAN MCCABE
Assistant City Attorney
State Bar No.: 1132740
***Attorneys for the Defendants***

and

STRANG BRADLEY, LLC

**s/Randal Richard Resch, II**
Randal Richard Resch, II
State Bar No.: 1117722

**s/John H. Bradley**
John H. Bradley
State Bar No. 1053124

**s/William E. Grau**
William E. Grau
State Bar No. 1117724
***Attorneys for the Plaintiff***

P.O. ADDRESS:

200 East Wells Street
City Hall 800
Milwaukee, WI 53202
414-286-2601 – Telephone
414-286-8550 – Facsimile
Email(s): mmccab@milwaukee.gov
1032-2025-1330 /00000000000989